IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-61,552-03






EX PARTE KENNON MEYERS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 16,137-A IN THE 253
RD DISTRICT COURT


FROM LIBERTY COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a 
controlled substance and sentenced to twelve (12) years' imprisonment. No direct appeal was taken. 

 Applicant contends that he is eligible for street time credit but has been improperly denied
credit on his sentence for a period of parole from June 29, 1999, until September 26, 2002. 

 The trial court has entered findings of fact and conclusions of law based on evidence in the
record which indicates that Applicant is not entitled to the street time credit. Specifically, the habeas
record shows that the Texas Department of Criminal Justice, Correctional Institutions Division
denied Applicant street time credit because he was convicted of the offense of possession of
controlled substance in a drug free zone in 2003. However, this Court has held that a subsequent
conviction does not make an Applicant ineligible for street time for an earlier conviction. See Ex
parte Keller, 173 S.W.3d 497 (Tex. Crim. App. 2005). Applicant has alleged facts that, if true might
entitle him to relief. Ex parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in that it may
order the Texas Board of Pardons and Paroles to file an affidavit listing Applicant's sentence begin
date, the dates of issuance of any parole-revocation warrants leading to the revocation of such parole
or mandatory supervision, and the date any such parole-revocation warrants were withdrawn.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Application is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant is eligible to earn
street time credit, and if so, whether he is entitled to credit for his time spent on release. The trial
court shall also make finding as to whether Applicant is receiving the proper amount of time credit
for that time. The trial court shall also make findings of fact as to why two parole-revocation
warrants were issued in Applicant's case. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: January 31, 2007

Do not publish